**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4063**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTORIA YAITSKY,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:04-cr-1097-PMD)

---

Submitted:  August 4, 2006        Decided:  August 30, 2006

---

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Daphne A. Burns, DAPHNE A. BURNS, L.L.C., Mount Pleasant, South Carolina; Michael P. O'Connell, STIRLING & O'CONNELL, P.A., Charleston, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victoria Yaitsky was convicted and sentenced to 120 months' imprisonment for knowingly and intentionally causing another to travel in interstate commerce with the intent to commit murder for hire, in violation of 18 U.S.C. § 1958(a) (2000). Yaitsky appeals, contending the district court abused its discretion when it denied her motion to suppress audio recordings that were surreptitiously made by Igors Smolakovs, who was employed by Yaitsky. In the tapes, Yaitsky discussed the murder for hire plot.

We review the admission of a tape recording for abuse of discretion. See United States v. Capers, 61 F.3d 1100, 1106 (4th Cir. 1995). The district court's determination that the proffered tape was made for a legitimate purpose is reviewed for clear error. See Traficant v. Commissioner, 884 F.2d 258, 266 (6th Cir. 1989). To withstand clear error analysis, the district court's determination of facts underlying the findings must be supported by a preponderance of the evidence. United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997). Yaitsky contends the district court denied her motion to suppress the audio tapes in violation of the applicable federal statute, which states:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for

the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State.

18 U.S.C. § 2511(2)(d) (2000).

Yaitsky contends Smolakovs and his associate made and turned over the recordings to the Government for a criminal or tortious purpose--namely, as part of a plot to "scam" Yaitsky and assume her business interests while she was incarcerated for the murder for hire plot. The district court rejected this argument in denying Yaitsky's suppression motion, finding it was speculative, as it was premised primarily on a single sentence contained in the summary of an FBI interview with Smolakovs.

In assessing the purpose of the interception, courts look to the intended use of the recording. In re High Fructose Corn Syrup Antitrust Litig., 216 F.3d 621, 626 (7th Cir. 2000). It is the intended use of the recordings that determines a violation of the Act, not whether the taping itself violates a state law. See id. at 625; Sussman v. American Broadcasting Cos., 186 F.3d 1200, 1202-03 (9th Cir. 1999). We agree with the district court's finding that Smolakovs' determinative purpose in recording the conversations was to document Yaitsky's plot and report it to the Government; any benefit to Smolakovs from Yaitsky's anticipated incarceration for her illegal conduct does not alter this conclusion. Thus, pursuant to § 2511(2)(d), his purpose for making the tapes was neither criminal nor tortious. See In re High

<u>Fructose Corn Syrup Antitrust Litig.</u>, 216 F.3d at 626 (citing cases holding that making recordings with a purpose of gathering evidence of a violation of law is not criminal or tortious).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>